1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10    LINDA HOCH,

11              Plaintiff,                    No. CIV S-05-1318 KJM

12        vs.

13
      JO ANNE B. BARNHART,
14    Commissioner of Social Security,

15              Defendant.                    ORDER
      _____/
16

17              Plaintiff seeks judicial review of a final decision of the Commissioner of Social

18    Security ("Commissioner") denying an application for Supplemental Security Income ("SSI")

19    under Title XVI of the Social Security Act ("Act").  For the reasons discussed below, the court

20    will grant in part and deny in part plaintiff's motion for summary judgment or remand and

21    remand for immediate payment of benefits for the period January 29, 2000 through September 7,

22    2001.

23     /////

24    /////

25    /////

26    /////

                                                    1

I.  Factual and Procedural Background

In a decision dated September 7, 2001, the ALJ determined plaintiff was disabled from November 13, 1998 through January 28, 2000 due to her mental impairment meeting Listing 12.06, but was not disabled prior to or after that time period.[1]  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review.  The ALJ found plaintiff has impairments of carpal tunnel syndrome, degenerative disc disease, asthma, and depressive and anxiety disorders but these impairments do not meet or medically equal a listed impairment except for the period from November 13, 1998 through January 28, 2000; plaintiff has the residual functional capacity to perform light work

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq.  Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

1 except for repetitive activities with her wrists or hands and overhead reaching and plaintiff is

2 limited to unskilled work with minimal contact with the public and plaintiff must avoid

3 concentrated exposure to fumes; plaintiff cannot perform her past relevant work; and based on

4 the testimony of a vocational expert, there are jobs existing in significant numbers that plaintiff

5 can perform; and plaintiff is not disabled except for the period from November 13, 1998 through

6 January 28, 2000.  Administrative Transcript ("AT") 37-38.  Plaintiff contends the ALJ

7 improperly rejected the opinions of treating physicians, improperly inferred an improvement in

8 plaintiff's mental health, improperly discredited plaintiff's subjective complaints and relied on

9 incomplete hypotheticals, and the Appeals Council failed to consider relevant evidence.

10 II.  Standard of Review

11          The court reviews the Commissioner's decision to determine whether (1) it is

12 based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the

13 record as a whole supports it.  Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing

14 Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).

15 Substantial evidence means more than a mere scintilla of evidence, but less than a

16 preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v.

17 Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a

18 reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402

19 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S.

20 197, 229, 59 S. Ct. 206 (1938)).  The record as a whole must be considered, Howard v. Heckler,

21 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that

22 detracts from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir.

23 1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of

24 supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If

25 substantial evidence supports the administrative findings, or if there is conflicting evidence

26 supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see

3

1  Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an

2  improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d

3  1335, 1338 (9th Cir. 1988).

4  III.  Analysis

5        A.  Time Period From January 29, 2000 Through September 7, 2001

6              Plaintiff contends the ALJ's finding that plaintiff had medical improvement in her

7  mental condition after January 28, 2000 is not supported by the record.  The Appeals Council

8  made additional medical records part of the administrative record.  AT 10, 566-592.

9  Accordingly, this court will review the ALJ's decision under the substantial evidence standard

10  with due consideration of these additional records.  See Harman v. Apfel, 211 F.3d 1172,

11  1179-80 (9th Cir. 2000) (where plaintiff submitted additional materials to the Appeals Council in

12  requesting review of the ALJ's decision, court may properly consider the additional materials

13  because the Appeals Council addressed them in the context of denying plaintiff's request for

14  review); see also Ramirez v. Shalala, 8 F.3d 1449, 1451-52 (9th Cir. 1993) (noting that where the

15  Appeals Council declined to review the decision of the ALJ after examining the entire record,

16  including new material, court considers both the ALJ's decision and the additional materials

17  submitted to the Appeals Council).

18              The ALJ found plaintiff met Listing 12.06 (anxiety related disorders) from

19  November 13, 1998 through January 28, 2000.  AT 37 (Finding no. 3).  Based on a treatment

20  note from January 28, 2000, the ALJ then found plaintiff showed medical improvement and was

21  not disabled due to a mental impairment after that date.  AT 31-32, 461. The record, however,

22  demonstrates the contrary.  The ALJ erroneously assumed plaintiff's final counseling session was

23  in January 2000.  AT 31, 34.  The January 28, 2000 counseling session was the last one with that

24  particular mental health care provider because plaintiff's mental care was transferred to another

25  agency as of February 1, 2000 due to a change in status for Medi-Cal recipients.  AT 460.  The

26  other agency to which she was transferred only offered plaintiff a referral to a service-for-fee

4

1   psychologist.  AT 584.  In addition, one chart note indicating plaintiff's depression and anxiety

2   were stable on a particular date does not indicate either that plaintiff's mental condition remained

3   stable or that plaintiff was not still experiencing significant disabling symptoms. AT 461; cf. AT

4   464, 466, 480, 482, 483 (during time plaintiff was found disabled, mental condition waxed and

5   waned).  After termination of her mental health care due to plaintiff's Medi-Cal status, plaintiff

6   then moved from Santa Clara County and established general health care in Shasta County where

7   the records show plaintiff was still experiencing panic attacks in August 2000 and continuing

8   thereafter.  AT 551, 555-557.  The record also contains a psychiatric evaluation dated February

9   15, 2002, which offers some retrospective insight into plaintiff's mental condition with no

10  improvement evident during the relevant time period.  AT 589; see also AT 575 (depression and

11  anxiety over past five years).  Viewing the record as a whole, the court cannot find the ALJ's

12  conclusion that plaintiff had medical improvement in her mental impairment after January 28,

13  2000 is supported by substantial evidence.

14          B.  Time Period From February 1, 1997 through November 12, 1998

15                  Plaintiff previously was found to be disabled for a closed period of disability from

16  June 1, 1995 through January 31, 1997 in a decision dated April 2, 1997.  AT 189-192.  Plaintiff

17  appealed that decision and the matter was remanded for consideration of disability after January

18  31, 1997 based on new and material evidence.  AT 199-200.  In the decision currently under

19  review, the ALJ noted the letter from plaintiff's counsel submitted in connection with the hearing

20  before the prior ALJ, which requested a closed period based on plaintiff's belief that her medical

21  problems were improving.  AT 29, 184-185.  The ALJ correctly noted there was no evidence of

22  mental impairment during the time period framed by February 1, 1997 and November 12, 1998.

23  AT 31, 307-318, 329-330.  Nor is there a mention of fatigue other than one time during this

24  period.  AT 329.  The ALJ also properly relied on the testimony of a consulting physician, Dr.

25  Howland.  AT 31, 597-610.  Plaintiff asserts Dr. Howland incorrectly rejected the diagnosis of

26  fibromyalgia.  However, Dr. Howland took into account any limitations attributable to pain

1  associated with this condition and considered all of plaintiff's impairments in combination when

2  limiting plaintiff to light work with manipulative limitations.  AT 602-605, 607-608.  Moreover,

3  although various treating physicians may have noted a diagnosis of fibromyalgia, none of them

4  provided opinions on functional limitations associated therewith.  AT 401, 402, 405, 461.

5  Although plaintiff contends the ALJ improperly assessed her credibility, her testimony of

6  extreme fatigue and other disabling symptoms does not relate to the time period at issue here.

7  The hypotheticals posed to the vocational expert included all the limitations assessed by the ALJ.

8  AT 37, 637-640; see Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir. 1989) (hypothetical

9  questions posed to a vocational expert must set out all the substantial, supported limitations and

10  restrictions of the particular claimant).  Substantial evidence therefore supports the finding of

11  nondisability for the time period from February 1, 1997 through November 12, 1998.

12          C.  Remand

13          The remaining question is whether to remand this case to the ALJ or to order the

14  payment of benefits.  "The decision whether to remand the case for additional evidence or simply

15  to award benefits is within the discretion of the court."  Stone v. Heckler, 761 F.2d 530, 533 (9th

16  Cir. 1985).  Generally, the court will direct the award of benefits "in cases where no useful

17  purpose would be served by further administrative proceedings or where the record has been

18  thoroughly developed."  Varney v. Secretary of Health and Human Services, 859 F.2d 1396, 1399

19  (9th Cir. 1988).

20          As discussed above, the ALJ properly assessed plaintiff's functional limitations

21  for the time period from February 1, 1997 through November 12, 1998.  Defendant's motion for

22  summary judgment with respect to this time period therefore will be granted.  However, for the

23  time period from January 29, 2000 through September 7, 2001, the record, as augmented by the

24  Appeals Council, is clear that plaintiff did not have medical improvement in the mental

25  impairment that served as the basis for the ALJ's finding that plaintiff met Listing 12.06 from

26  November 13, 1998 through January 28, 2000.  Because plaintiff already has been found disabled

6

1  on a later application as of the date after the date of the ALJ's decision, the matter will be

2  remanded for immediate payment of benefits from January 29, 2000 through the date of the

3  ALJ's decision.

4          For the foregoing reasons, this matter will be remanded under sentence four of 42

5  U.S.C. § 405(g) for immediate payment of benefits for the time period from January 29, 2000

6  through September 7, 2001.

7  _____Accordingly, IT IS HEREBY ORDERED that:

8          1.  Plaintiff's motion for summary judgment and/or remand is granted in part and

9  denied in part.

10          2.  This action is remanded to the Commissioner for immediate payment of

11  benefits for the period January 29, 2000 through September 7, 2001.

12          3.  Defendant's cross-motion for summary judgment is granted for the period from

13  February 1, 1997 through November 12, 1998.

14  DATED:  September 26, 2006.

15

16  _____
    UNITED STATES MAGISTRATE JUDGE

17

18

19

20  006
    hoch.ss

21

22

23

24

25

26